IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

U.S. BANK, NATIONAL
ASSOCIATION, in its capacity as
Trustee for the registered holders of
LB-UBS Commercial Mortgage
Trust 2007-C7, Commercial
Mortgage Pass-Through
Certificates, Series 2007-C7,

    Plaintiff,

v.                                        CASE NO. 1:13-cv-140-MW/GRJ

NG 104 N. Main LLC,
ELCHONON SCHWARTZ, and
SIMON SINGER,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S EX PARTE MOTION FOR ORDER TO SHOW CAUSE WHY PAYMENTS SHOULD NOT BE MADE DURING PENDENCY OF MORTGAGE OF FORECLOSURE ACTION; PLAINTIFF'S EX PARTE MOTION FOR ORDER TO SHOW CAUSE WHY FINAL JUDGMENT OF FORECLOSURE SHOULD NOT BE ENTERED; PLAINTIFF'S MOTION FOR ASSIGNMENT OF RENTS; PLAINTIFF'S VERIFIED EMERGENCY MOTION TO APPOINT RECEIVER; AND PLAINTIFF'S MOTION FOR LEAVE TO <u>REPLY TO DEFENDANTS' MEMORANDA</u>**

Before this Court are five motions filed by the Plaintiff, U.S. Bank, National Association, as successor-in-interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as trustee for the

1

registered holders of LBUBS Commercial Mortgage Trust 2007-C7, Commercial Mortgage Pass-Through Certificates, Series 2007-C7 ("Trust"):

- Plaintiff's Ex Parte Motion for Order to Show Cause Why Payments Should Not be Made During Pendency of Mortgage Foreclosure Action, ECF No. 6.
- Plaintiff's Ex Parte Motion for Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered, ECF No. 7
- Plaintiff's Motion for Assignment of Rents, ECF No. 8.
- Plaintiff's Verified Emergency Motion to Appoint Receiver, ECF No. 9.
- Plaintiff's Motion for Leave to Reply to Defendant's Memoranda, ECF No. 16.

This Court has reviewed the Defendant's, NG 104 N. Main LLC, ("NG 104"), responses to the Trusts' motions for an order to show cause, including NG's Memorandum in Opposition to US Bank's Motion for a Show Cause Order Regarding Payments, ECF No. 12, and NG's Memorandum in Opposition to US Bank's Motion for a Show Cause Order Regarding Judgment, ECF No. 13.

*Trust's Motions for Orders to Show Cause, ECF No. 6 and 7.*

The Trust moves this Court to issue orders to show cause why final judgment should not be entered under section 702.10(1), Florida Statutes, ECF No. 7, and why payments should not be made during pendency of mortgage foreclosure

actions under section 702.10(2), ECF No. 6.  In so doing, the Trust urges this Court to issue orders to show cause that substantially conform with the various provisions of section 702.10 which itemize what information must be included in the orders and the timeline for when the hearing must be conducted.

In their responses, NG 104 argues for various reasons that (1) the state court's orders to show cause are still in full force after removal unless and until this Court dissolves or modifies them;[1] (2) they have already filed a response to the state court's orders to show cause in the form of affidavits with this Court, *see* ECF No. 3, entitled "Notice of Filing Affidavits (Show Cause Orders)"; (3) This Court does not need to set a hearing on the orders to show cause because the record and NG 104's filings demonstrate sufficient "cause" in response to the show cause orders such that this Court may not grant the motions for Trust.

This Court takes no issue with NG 104's request to rely upon the state court's orders to show cause.  However, in so doing, this Court observes that any error, procedural or otherwise, contained within or relating to the state court's orders to show cause has been waived by NG 104 for the purposes of appeal under the invited error doctrine.  *See Thunderbird, Ltd. v. First Federal Sav. and Loan Ass'n of Jacksonville*, 908 F.2d 787, 794 (11th Cir. 1990); *Francois v. Wainwright*,

---

[1] The State Court issued orders to show cause and set them for a hearing on July 26, 2013.  This action was removed to this Court prior to the date of the hearings.  Thus, while the orders to show cause were issued by the state court, no hearing was conducted.

741 F.2d 1275, 1282 (11th Cir. 1984). Further, this Court takes no issue with NG 104's implicit position that this Court shall consider its previous filing, ECF No. 3, as well as the instant filings as response to the State Court's motions to show cause.

However, NG 104's argument that a hearing need not take place is unpersuasive. This Court notes that a hearing was not conducted in state court prior to the removal of this action to this Court. Further, although this Court is not deciding or relying upon this point, this Court notes that the Florida Supreme Court has held that section 702.10(2) and its procedural requirements are substantive in nature. *Caple v. Tuttle's Design-Build, Inc.*, 753 So. 2d 49 (Fla. 2000). This Court is cognizant that this is a diversity jurisdiction case and that federal procedural laws govern over state procedural laws, *see Erie*, as well as Local Rule 7.1(d)'s provision that "Motions shall generally be determined without oral argument." However, nothing precludes this Court from conducting a hearing on the four pending motions.

Specifically, with respect to NG 104's Memorandum in Opposition to U.S. Bank's Motion for a Show Cause Order Regarding Payments, ECF No. 12, the provision relied upon by NG 104 in section 702.10(2)(d) does not dispense with the hearing requirement contained within 702.10(2). That provision merely sets forth what needs to be proven in order for the Court to grant the order to make

4

payments. The statute requires a hearing, and NG 104's argument has not convinced this Court otherwise.

With respect to NG 104's Memorandum in Opposition to U.S. Bank's Motion for A Show Cause Order Regarding Judgment, ECF No 13, NG 14's reasoning is flawed for the same reasons as set forth in the above paragraph. Additionally, Laws of Florida, Chapter 2013-137, section 6, changed the quoted portion of 702.10(1)(a)3 relied upon by NG 104. That section no longer provides that cause sufficient enough for a court not to enter final foreclosure judgment is merely the filing of defenses by motion or by verified or sworn answer at or before the hearing. The amendment clarifies that such filings must "raise a genuine issue of material fact which would preclude the entry of summary judgment or otherwise constitute a legal defense to foreclosure." Such determination is for this Court to make at the hearing. What NG 104 seeks would run afoul of the statute. Section 702.10(1) specifically provides that if papers are filed by the defendant before the hearing, then the hearing time is to be used to hear and consider whether the defendant's papers raise a genuine issue of material fact which would preclude the entry of summary judgment or otherwise constitute a legal defense to foreclosure.

Further, this Court notes that a hearing is needed in Trusts' other two pending motions, ECF No. 8 and 9, and this Court sees no reason not to entertain arguments on the orders to show cause issues at the same hearing.

Accordingly, it is ordered that the parties appear at a hearing to address the motions for and responses to orders to show cause pursuant to 702.10(1) & (2) before this Court at the **United States Courthouse, 401 SE First Avenue, Gainesville, FL 32601 on Friday, August 23, 2013, at 10:00 a.m.** Finally, this Court notes that by virtue of the time lapse from the issuance of the state court's order to show cause, that the 20 day notice requirement contained within the statute has been complied with.

*Trusts' Motions for Appointment of Receiver, ECF No. 9, and for Assignment of Rents, ECF No. 8*

Before this Court is Plaintiff's Motion for Assignment of Rents, ECF No. 8, and Plaintiff's Verified Emergency Motion to Appoint Receiver, ECF No. 9. This Court will conduct a hearing at **the United States Courthouse, 401 SE First Avenue, Gainesville, FL, 32601 on Friday, August 23, 2013, at 10:00 a.m.** The parties are advised that this hearing will be conducted in combination with the hearings on the state court's orders to show cause. **Defendants shall file their responses to ECF Nos. 8 & 9 with this Court on or before August 19, 2013.**

*Trusts' Motion for Leave to File a Reply, ECF No. 16*

Trusts' Motion for Leave to File a Reply, ECF No. 16, is **GRANTED for the purposes of this Court's consideration at the hearing. The Reply shall be filed on or before August 19, 2013.**

**SO ORDERED on August 8, 2013.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**